IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSERVATION CONGRESS, et al., | |
| Plaintiffs, | CIV-S-05-0093 DFL JFM |
| v. | |
| UNITED STATES FOREST SERVICE, | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

    This action is brought under the National Environmental Policy Act ("NEPA"), challenging the process used to approve three timber sales.  The American Forest Resource Council ("AFRC") moves under Fed.R.Civ.P. 24(b) to permissively intervene as a defendant.

    AFRC represents "wood products companies" throughout the west.  (Mot. at 1.)  AFRC asserts an interest in the disposition of this lawsuit because it: (1) has been involved in management and policy debates over procedures for timber sales; and (2) its

1

members were the purchasers of the three challenged sales. (Partin Decl. ¶¶ 2, 4-5.)

Rule 24(b) provides that anyone "may" be permitted to intervene when "an applicant's claim or defense and the main action have a question of law or fact in common." Historically, two additional requirements -- an independent basis for jurisdiction and a timely motion to intervene -- have been imposed as threshold requirements for granting permissive intervention. Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998); Northwest Forest Res. Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996). However, the court has discretion to deny intervention even if the threshold requirement of a common question of law or fact is met. Id..

The Ninth Circuit's recent decision in Kootenai Tribe of Idaho v. Veneman calls into question the necessity of an independent basis for jurisdiction. 313 F.3d 1094 (9th Cir. 2002). The Kootenai court held that, beyond the necessity of a common question of law or fact, the decision to grant or deny permissive intervention is wholly within the discretion of the district court judge. Id. at 1110-11. Kootenai may also call into question a prior line of cases holding that the federal government is the only proper defendant in the liability phase of a NEPA suit. See, e.g., Portland Audubon Soc. v. Hodel, 866 F.2d 302, 309 (9th Cir. 1989); Sierra Club v. U.S.E.P.A., 995 F.2d 1478, 1485 (9th Cir. 1993); Churchhill County v. Babbitt, 150 F.3d 1072, 1082 (9th Cir. 1998).

Although AFRC's claim or defense and the main action have a question of law or fact in common, namely, whether the procedure used was sufficient under NEPA, the court declines to grant the motion for permissive intervention. There is no indication that AFRC would, through its intervention, raise any new issues or put forth any arguments that the government will not vigorously assert. AFRC's interests, such as they are, will be protected by the federal defendant. In considering whether to permit intervention, the court may consider whether the intervenor's participation will contribute to equitable resolution of the suit and whether judicial efficiency and economy are served by permitting intervention. Id. at 1111; Venegas v. Skaggs, 867 F.2d 527, 531 (9th Cir. 1989). Because AFRC's intervention is not necessary for equitable resolution of this suit, the motion to intervene in the liability phase of the suit is DENIED.

However, the court will permit AFRC to file an amicus brief in opposition to the motion for summary judgment. The amicus brief shall be filed by the June 8, 2005 deadline for defendant's opposition and shall be limited to twenty pages. Plaintiffs may respond to the amicus brief in their reply. IT IS SO ORDERED.

Dated: 5/19/2005

_____
DAVID F. LEVI
United States District Judge

3